IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA,

Plaintiff,

vs.

AUGUST FREDERICK SEABREASE,

Defendant.

No. 3:26-cr-00044-SLG-MMS

## [PROPOSED] DISCOVERY MANAGEMENT ORDER

### I. Arraignment

A. **Exclusion of Time under the Speedy Trial Act.** The Court arraigned Defendant AUGUST FREDERICK SEABREASE on May 20, 2026. Defendant subsequently filed a Right to Speedy Trial Act Waiver/FSA Acknowledgement & Waiver.

B. **Waiver of Appearance.** At the arraignment, the Court advised Defendant of their right to waive personal appearance at all non-essential proceedings, including the Discovery Management Conference. Defendant:

1. ☒ waived

2. ☐ did not waive

his personal appearance at the Discovery Management Conference.

### II. Meeting of the Parties.

Based upon information provided to the Court in the Discovery Management Proposed Order, this order regulating the production of discovery is entered pursuant to Fed. R. Crim. P. 16(d) and 16.1(b).

**This order may be modified only for good cause shown and with the consent of the Court.** *See* **Fed. R. Crim. P. Rule 16(d)(1). Failure to comply with the**

**discovery rules may result in a continuance, the withholding of evidence, or any other order that is just under the circumstances.** *Id.* **at (2).**

III. **Discovery Plan**

A. **Timing, Form, and Disclosure Requirements.** Discovery shall be conducted in accordance with Rules 16 and 16.1; any applicable Local Civil Rules; *Brady v. Maryland*, 373 U.S. 83 (1963); *Giglio v. United States*, 405 U.S. 150 (1972); 18 U.S.C. § 3500, et. seq. (the Jencks Act); and the discovery plan specified in the Discovery Conference Certification, if filed, and Discovery Management Conference, if held, except as otherwise provided below. Any changes to the parties' discovery obligations that the Court has approved are incorporated in the following paragraphs. Each party must comply with their discovery obligations and maintain a written record of all disclosures and supplementation of disclosures or responses made to requests for discovery. Unless required in support of a motion or by order of the Court, disclosures and supplemental disclosures are not to be filed with the Court.

B. **Initial Disclosures.**

1. The parties:

   a. ☒ have

   b. ☐ have not

   met and conferred in accordance with the Court's order.

2. A Motion for a Protective Order:

   a. ☒ has been granted by the Court.

   b. ☐ has been filed by the government and is pending before the Court.

   c. ☐ is not necessary in this case.

3. The non-expert information required to be produced by the government

U.S. v. SEABREASE
3:26-cr-00044-SLG-MMS

pursuant to Rule 16(a)(1), Federal Rules of Criminal Procedure.

    a. ☒ The following discovery was disclosed by the government on and before June 10, 2026:

        i. Approximately 3705 bates numbered pages including

1. Reports
2. Messages
3. Interviews
4. Criminal history
5. Search warrant materials
6. Videos
7. Audios
8. Cell phone extraction[1]

        ii. Discovery containing child sexual abuse material has been made available for defense viewing, and viewed by defense.

    b. ☒ The following discovery is in the process of production and will be produced within the next three weeks:

        i. Additional CAFI interviews and reports.

shall be provided by the government in accordance with the District Court's scheduling order and as detailed below, respectively.

4. The government

    a. ☐ has

    b. ☒ has not

conducted a reverse proffer or otherwise identified materials in the discovery which it believes to be most relevant to this case. In the event that the

---

[1] This discovery includes summary reports of forensic examinations produced pursuant to Rule 16(a)(1)(F). Defense counsel has been notified that the underlying data is available for copying and inspection upon request pursuant to Rule 16(a)(1)(E).

U.S. v. SEABREASE
3:26-cr-00044-SLG-MMS

government has not conducted a reverse proffer or otherwise identified relevant materials in the discovery, the government is encouraged to do so at the earliest opportunity in order to facilitate the timely prosecution of the case and minimize the potential for delay.

5. The non-expert information required to be produced by the defense pursuant to Rule 16(b)(1), Federal Rules of Criminal Procedure:

    a. ☐    has been disclosed by the defense.

    b. ☐    shall be provided by the government on or before .

    c. ☒    There is no defense discovery to be produced at this time.

6. Expert witness disclosures required to be produced by both parties pursuant to Rule 16(a)(1)(G) and (b)(1)(C):

    a. ☐    have been disclosed.

    b. ☒    shall be provided in accordance with the District Court's Trial Scheduling Order.

7. Exculpatory and Impeachment Materials:

    a. ☐    have been disclosed by the government.

    b. ☐    shall be provided on or before Click or tap to enter a date..

    c. ☒    none have been identified at this time.

8. Jencks Act Materials.[2] The parties are <u>strongly</u> encouraged to provide reciprocal Jencks Act disclosures sufficiently early to permit effective preparation by the receiving party. The exception is when the Jencks material reveals the identity and statements of confidential informants and witnesses

---

[2] While included in this Order, this provision only encourages the early production of Jencks material consistent with the government's general practice in this District. The Court recognizes that it cannot compel early production of Jencks materials and that there can be no violation of the Jencks Act until after a witness testifies. *See United States v. Taylor*, 802 F.2d 1108, 1118 (9th Cir. 1986); *see also United States v. Arboleda*, 929 F.2d 858 (1st Cir. 1991).

U.S. v. SEABREASE
3:26-cr-00044-SLG-MMS

who would be placed in danger by the disclosure. When an articulable safety concern exists, the Government shall notify opposing counsel and the Court that production of that witness statement will be delayed until shortly before trial or after the witness testifies. Jencks Act materials:

a. ☐ have been provided by the government. If generated, the Court encourages the government to provide additional materials at the earliest possible time.

b. ☒ have not been provided but will be prior to trial. For those witnesses for whom there are no articulable safety concerns are encouraged to be provided on or before 14 days prior to the scheduled trial date.

c. ☐ for all remaining witnesses will not be provided prior to trial due to the government's concerns for witness safety.

**C. Production and Preservation of Discovery.**

1. ☒ No issues have been reported regarding disclosure, discovery, or preservation of discovery, including the form or format in which it has been or should be produced.

2. ☐ The following issues have been reported regarding the production of discovery:

   a. .

3. Preservation of physical items:

   a. ☒ There is no indication this will be an issue.

   b. ☐ The parties may proceed as they have proposed.

**D. Claims of Privilege or Protection of Attorney Work Product.** Claims of privilege or protection of trial preparation materials shall be handled as follows:

U.S. v. SEABREASE
3:26-cr-00044-SLG-MMS

1. ☐  There is no indication that this will be an issue.

2. ☒  The parties have entered a Protective Order regulating the review and disclosure of privileged and protected materials.

3. ☐  The parties shall submit their proposed Protective Order regulating the review and disclosure of privileged and protected materials on or before Click or tap to enter a date..

**E. Limitations on Discovery.**

The following limitations on discovery are imposed:

1. ☒  There are no limitations on discovery at this time except as described herein and in the protective order.

2. ☐  Other limitations as follows:

**F. Ongoing Discovery Management Conferences.**

The parties:

1. ☐  request

2. ☒  do not request

ongoing discovery management conferences to be held in this matter. (If the parties request ongoing Discovery Management Conferences, the court will schedule those conferences in accordance with the parties' request or as deemed necessary by the Court.)

**IV. Other Provisions.**

**A. Discovery Disputes.**

No later than five (5) business days after the production of discovery, the receiving party for discovery shall notify the producing party of any problems relating to the materials produced, to include any issues the party has accessing the data produced. The notice shall be in writing.

If the parties have been unable to resolve any disagreements about the timing of

U.S. v. SEABREASE
3:26-cr-00044-SLG-MMS

production, the materials to be produced, or access issues, the complaining party shall timely file a motion to compel and request for a hearing. The motion shall include information about steps the complaining party has taken to resolve the issue prior to filing. The Court will consider only matters which the parties have previously discussed and been unable to resolve, or matters raised sua sponte by the Court.

### B. Ongoing Discovery Obligation.

The parties shall adhere to the continuing duty to supplement or correct their disclosures pursuant to Fed. R. Crim. P. 16(a)(1)(G)(vi) and (b)(1)(C)(vi).

IT IS SO ORDERED.

DATED this 26 day of June 2026, at Anchorage, Alaska.

> s/ Matthew M. Scoble
> HON. MATTHEW M. SCOBLE
> United States Magistrate Judge
> District of Alaska

U.S. v. SEABREASE
3:26-cr-00044-SLG-MMS

Case 3:26-cr-00044-SLG-MMS    Document 12-1    Filed 06/26/26    Page 7 of 7